No. 12,408.

DUFOSSAT ET ALS. VS. FONTENOT ET ALS.; CALHOUN FLUKER, APPELLANT; J. L. LEBOURGEOIS, CITY OF NEW ORLEANS AND CHARLES M. GREENE, APPELLEES.

A third person, not a party to the original suit and judgment, has exactly the same standing as an appellant before this court as one of the parties thereto would have as an appellant.

A person who acquires title at a partition sale to effect a settlement between plaintiffs of their rights and interests in property in suit, takes their position and

standing in the litigation, in point of fact, notwithstanding he fails to have himself made a party thereto—that is to say, his acquisition gives him no advantage, and does not affect the rights of the defendants and appellees.

APPEAL from the Twenty-first Judicial District Court for the Parish of St. John the Baptist.   *Rost, J.*

*Calhoun Fluker* and *J. L. Bradford* for Plaintiff, Appellant.

*W. S. Benedict* and *Robert G. Dugué* for Jos. L. LeBourgeois, Defendant, Appellee.

Argued and submitted March 3, 1897.
Opinion handed down April 26, 1897.

The opinion of the court was delivered by

WATKINS, J.   The present litigation involves a tract of land, at this time situated in the parish of St. John the Baptist, having about eight arpents front on the Mississippi river on the left bank descending, and extending back a depth of forty arpents.   It forms a part of a large tract of land extending from the Mississippi river back to Lake Maurepas and the Amite river, which is alleged to have been granted to Pierre Delile Dupard by the French government on the 3d of April, 1769.   It passed from Dupard to his daughter, Madame Delile Macnamara, by inheritance, and she conveyed title to Henry Fontenot on the 17th of December, 1784.

By a will subsequently made by her in 1815, in Rouen, France, Mrs. Macnamara bequeathed her entire estate to Joseph Soniat Dufossat, Sr., at the time an officer in the French army—the bequest embracing the residue of the land covered by the aforesaid grant, and alleged to have been situated immediately in the rear of the tract which the testatrix had previously sold to Fontenot.

It is claimed that the aforesaid Dufossat died in 1835, having bequeathed his estate to his brother, Joseph Soniat Dufossat, Jr.; and and that he sold to John McDonogh an undivided one-third of the land lying back of the first forty arpents, retaining the other two-thirds, of which he died possessed in 1865, leaving his estate by will to his numerous children.

It appears that Joseph Soniat Dufossat, Jr., and John McDonogh brought a jactitation suit against six persons residing in the parish of St. John the Baptist, alleging civil possession of the back lands heretofore described, and located said suit in the then First District Court of the parish of Orleans—same having been filed in 1841.

McDonogh died in 1850, leaving his estate by will to the cities of New Orleans and Baltimore; and in the course of a partition subsequently made, the interest of McDonogh passed to New Orleans.

Snbsequently the suit was removed to the parish of St. John under a change of the law, and upon the allegation that the interests of the six defendants had devolved upon Joseph LeBourgeois and Felix Becnel, residents of that parish.

It appears that after citations were issued and served, nothing further was done, and no further action was taken therein until about the year 1892, when the city of New Orleans filed an appearance, claiming one-third undivided interest, as having derived title by will from John McDonogh, and informing the court of the death of Dufossat, her co-plaintiff, and the residuary interests of his heirs; and further stating, upon information, that Joseph LeBourgeois, Sr., and Felix Becnel had died, and that their rights in the property in controversy, whatever they were, had devolved upon Joseph L. LeBourgeois, Jr., to whom the petitioner prayed citation to issue.

He was cited and filed a plea of prescription and made answer, setting up a claim of ownership to a part of the property in dispute.

In 1892 and 1893 some depositions of witnesses were taken on the part of the city of New Orleans, but the counsel of LeBourgeois objected thereto.

In this situation of affairs the city of New Orleans brought suit against the heirs of Dufossat for a partition of the lands involved in the suit above described, and obtained a decree of partition by licitation on the 24th of March, 1893.

An appeal from that judgment was prosecuted by LeBourgeois, which resulted in the dismissal thereof. New Orleans vs. Dufossat, 46 An. 399; State *ex rel.* City vs. Judge, 45 An. 950.

It is stated as part of the history of this litigation that Calhoun Fluker became the purchaser of the property at the partition sale, which was made on the 16th of June, 1894, and that by that adjudi-

cation he became invested with all the rights of the plaintiffs in the aforesaid suit.

It appears that the aforesaid cause of Dufossat vs. Fontenot was, on June 3, 1895, set for trial on the 20th of said month, on the motion of the defendant, LeBourgeois, and that said cause was taken up and tried on the day above specified, against the protest of the counsel of the plaintiff, who was absent attending the trial of another case in the parish of East Baton Rouge at the time.

That at the trial an exception of no cause of action was filed by counsel representing the defendants and overruled, and that the cause was taken up for trial upon the merits, and judgment was rendered and signed on that day in favor of the defendant, same being based upon a supplemental answer which was filed on the day of trial, and supported by many deeds, reports of land commissioners, acts of Congress, plans, maps and surveys, and supplemented by a great deal of parol testimony, forming a very large transcript.

The counsel for plaintiffs being absent they were unrepresented at the trial, and, consequently, there was no testimony adduced on their behalf, and Calhoun Fluker, to whom the land in controversy had been previously adjudicated, had not made himself a party to the litigation, and did not participate in the proceedings.

The judgment rendered is of the following tenor, viz. :

" It is therefore ordered, adjudged and decreed that there be judgment rejecting the demands of the plaintiffs, and dismissing their suit as to him, with costs, i. e., Joseph L. LeBourgeois, Jr.

" It is further ordered, adjudged and decreed that the said Joseph L. LeBourgeois, Jr., be and he is hereby recognized as the true owner of the undivided one-half of the lands described in the plaintiff's petition " the description omitted—" and that he be quieted in his possession of said lands."

That judgment was signed on the 21st or June, 1895; end on the 3d of August, 1895, an action was instituted in the name of the city of New Orleans, for the avoidance of same, on various grounds, notwithstanding all of the rights of the city, as well as of the Dufossat heirs, had passed to Calhoun Fluker by the partition sale, to all appearances.

The grounds of nullity therein assigned are, substantially:   (1) That the city's co-plaintiff, Dufossat, had died previously to the rendition of judgment and his heirs and legal representatives had not

been made parties plaintiff; (2) that the fact that the Dufossat heirs had not made themselves parties, had been previously urged by defendants' counsel, at different times, as a reason why the case should not be fixed for trial; (3) that for the same reason said counsel appeared at the partition sale and entered a written protest against it being made, and afterward took an appeal to this court for the same reason; (4) that on the 6th of June, 1895, the counsel of the city filed in the parish of East Baton Rouge a *mandamus* suit in which he was counsel for the relator against the Register of the State Land Office, and caused same to be fixed for trial on the 20th of June, 1895, the day upon which counsel for LeBourgeois, Jr., had, on the 3d of June, 1895, fixed the case of Dufossat vs. Fontenot for trial, though without notice to him; (5) that on said 20th of June, 1895, the cause was taken up for trial, and on the following day decided, notwithstanding the said attorney for the city had made due and timely objection and affidavit for a continuance thereof.

To the foregoing is added the general statement that said irregularities in the proceedings rendered the judgment void; and that the city had a good and valid title.

To the foregoing petition counsel for LeBourgeois filed exceptions (1) that as an application for a new trial it came too late, and (2) that as an independent action of nullity it could not be engrafted upon the former suit; and same were subsequently tried and sustained and the suit dismissed.

From that judgment no appeal was taken, and same may be treated and considered as having been acquiesced in. It bears date November 16, 1895.

In this condition that suit and judgment remained until the 11th of June, 1896, when the twelve months period during which same could be prosecuted, an appeal was taken by Calhoun Fluker, by petition and citation, as a third person having an interest in the property in litigation.

His petition is prefaced by the statement that on the 16th of June, 1894, he became the purchaser of the property in controversy at the aforesaid partition sale; and subsequently it recites at length the same grounds of complaint substantially as are stated in the aforesaid action of nullity on the part of the city alleging his possession and ownership thereof.

It is evident that the sole object of this appeal is to obtain a re-

versal of the judgment rendered in favor of LeBourgeois on the 21st of June, 1895; and upon the sole grounds which were stated in the petition of the city in its action of nullity. But the position of the appellant is different from that of the city, for whose benefit that suit was covertly intended, in that he founds his right of appeal upon the title he acquired at the partition sale in 1894, one year previous to the trial, and the judgment from which his appeal is taken.

Upon that supposition, the rights, titles and interests of all the parties plaintiff had ceased altogether, and had passed by the adjudication at partition sale to the appellant; and the necessary deduction therefrom is, that neither the city nor the heirs of Dufossat were real parties plaintiff in the suit at the time of trial and judgment, nor in the action of nullity.

But, notwithstanding that was so, in point of fact, yet the appellant, as adjudicatee, for reasons of his own, had not caused himself to be made a party to the suit; and by his failing so to do he left it in the power of the defendants to proceed as they did, and take judgment accordingly—relying possibly on the fact that the effect of the partition sale was to divest the incapacitated minors of Dufossat, and to invest a person *sui juris* with title, against whom their judgment would be effective and valid.

But, conceding that the appellant has a standing in court as third person and party to the title, and the consequent right to urge the same irregularities and alleged illegalities in the proceedings that the city did; yet he can possess no other or greater rights, and they must, necessarily, be subordinated to the fact, that by the partition sale a party *sui juris* has been substituted in the place and stead of incapacitated persons in the title.

In this view of the matter, we are firmly of opinion that he is without any well grounded complaint.

It was plainly his duty to have caused himself to be made a party to the suit seasonably, so that his interest could have been protected therein; and that fact is illustrated by this appeal for the purpose of obtaining relief from the effect of the judgment therein rendered.

The defendant, Bourgeois, had a perfect right to have the cause set down for trial at his own risk. The city was at least a competent plaintiff with whom he could try the case contradictorily, and if, in

point of fact, the partition sale had the legal effect of divesting the Dufossat minors, there was no necessity of their being joined as parties plaintiff at the trial—a capacitated person having taken their place.

We see no reason for disturbing the judgment.

Judgment affirmed.